**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1351
_____

CONSOL PENNSYLVANIA COAL COMPANY; CONSOL ENERGY,
INCORPORATED,
Petitioners

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR; ALBERT MICHALIDES
_____

On Petition for Review of an Order of the
Benefits Review Board
(BRB-1:21-0351 BLA)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on April 29, 2024

Before: KRAUSE, CHUNG, and RENDELL, *Circuit Judges*.

(Filed: June 10, 2024)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

**KRAUSE**, *Circuit Judge*.

## I.  INTRODUCTION

Because Claimant Albert Michalides spent over fifteen years working in underground coal mines and suffered a totally disabling respiratory or pulmonary impairment, the Administrative Law Judge ("ALJ") concluded he was entitled to the fifteen-year presumption[1] under the Black Lung Benefits Act ("BLBA")[2] that he was totally disabled as a result of legal pneumoconiosis.[3]  The ALJ also concluded that Michalides' former employer, Consol Pennsylvania Coal Company, failed to rebut that presumption,[4] and that Michalides was therefore entitled to benefits.  The Department of Labor Benefits Review Board ("Board") affirmed.  As substantial evidence supports that decision, we will deny Consol's Petition for Review.

## II.  DISCUSSION[5]

Consol argues on appeal that it rebutted the fifteen-year presumption by establishing that (1) Michalides does not have legal pneumoconiosis, and (2) no part of

---

[1] 20 C.F.R. § 718.305(b)(1).

[2] 30 U.S.C. §§ 901-944.

[3] 20 C.F.R. § 718.305(c)(1).

[4] *See id.* § 718.305(d)(1).

[5] The Board had jurisdiction over Consol's appeal from the ALJ's order pursuant to 33 U.S.C. § 921(b)(3), as incorporated by 30 U.S.C. § 932(a).  We have jurisdiction over this appeal pursuant to 33 U.S.C. § 921(c), as incorporated by 30 U.S.C. § 932(a).
We exercise plenary review over the Board's legal conclusions, *Helen Mining Co. v. Dir. OWCP*, 650 F.3d 248, 254 (3d Cir. 2011), and the Board is bound by an ALJ's

Michalides' total disability was caused by legal pneumoconiosis, and that the ALJ erred in rejecting both grounds. Like the Board, we find neither ground persuasive.

### A. Whether Michalides Has Legal Pneumoconiosis

Consol first argues that the ALJ improperly discounted the medical opinions of Consol's physicians, Dr. Stephen Basheda and Dr. David Rosenberg, and improperly credited the opinion of Dr. David Celko, a physician hired by the Department of Labor ("DOL") to evaluate Michalides' condition. But an ALJ has "broad discretion to determine the weight accorded [to] each doctor's opinion," and to draw inferences from those opinions that are supported by substantial evidence. *Balsavage v. Dir., Off. of Workers' Comp. Programs (U.S. Dep't of Lab.)*, 295 F.3d 390, 396-37 (3d Cir. 2002); *see also Mancia v. Dir., Off. of Workers' Comp. Programs, U.S. Dep't of Lab.*, 130 F.3d 579, 588 (3d Cir. 1997) (holding an ALJ "is not bound to accept the opinion or theory of any medical expert, but may weigh the medical evidence and draw its own inferences"

---

factual findings "if they are rational, supported by substantial evidence, and consistent with applicable law," *Labelle Processing Co. v. Swarrow*, 72 F.3d 308, 313 (3d Cir. 1995) (quotations omitted). When a party challenges the Board's or the ALJ's findings of fact, we independently analyze the record to decide whether substantial evidence supports the ALJ's findings. *Helen Mining Co.*, 650 F.3d at 254.

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Kowalchick v. Dir., Off. of Workers' Comp. Programs, U.S. Dep't of Lab.*, 893 F.2d 615, 620 (3d Cir. 1990) (quotation marks omitted), and if it exists "we must affirm the ALJ's interpretation of the evidence[,] even if we might have interpreted the evidence differently in the first instance," *Balsavage v. Dir., Off. of Workers' Comp. Programs (U.S. Dep't of Lab.)*, 295 F.3d 390, 395 (3d Cir. 2002) (quotation marks omitted).

(quotation marks omitted)); *Kertesz v. Crescent Hills Coal Co.*, 788 F.2d 158, 163 (3d Cir. 1986) (same).

Here, substantial evidence supports the inferences drawn by the ALJ as to each of the three physicians. Dr. Basheda opined that Michalides' "clinical picture is inconsistent with coal dust induced obstructive lung disease," JA 221, in relevant part because Michalides had an "acute bronchodilator response" during spirometry testing, suggesting his impairment was partially reversible, JA 220. According to Dr. Basheda, that response is consistent with "tobacco induced obstructive lung disease," which is "partially reversible," but inconsistent with coal dust-induced disease, which "is irreversible." JA 219-20.

Substantial evidence supports the ALJ's decision to discredit that opinion because Dr. Basheda did not "adequately address the additive properties of coal mine dust and tobacco smoke exposures, especially in light of the fact that [Michalides] had significant exposure to both."[6] JA 39. While Dr. Basheda focused on the fact that Michalides' impairment was partially reversible with a bronchodilator, he rejected the possibility of coal dust as a contributing factor with the conclusory assertion that "[c]oal dust obstruction is fixed and irreversible. There would be no acute bronchodilator response." JA 220. Other courts have upheld ALJs' determinations that "treatment with

---

[6] The ALJ also found that Dr. Basheda erroneously conflated two meanings of the word "reversible," using it to describe both the temporary alleviating effects of bronchodilators on Michalides' obstructive lung condition and the ultimate "cure" of Michalides' disease. The Board spilled little ink on this issue, and neither need we, given that the other basis for the ALJ's holding is supported by substantial evidence.

bronchodilator agents and partial reversibility are not credible evidence to support an opinion that coal dust did not contribute to [a claimant's] respiratory impairment." *Cumberland River Coal Co. v. Banks*, 690 F.3d 477, 489 (6th Cir. 2012) (quotation marks omitted).[7]

The ALJ also discounted the opinion of Consol's second physician, Dr. Rosenberg, who asserted that Michalides' obstructive lung disease was due to smoking, and not "etiologically related to past coal mine dust exposure." JA 277. As the ALJ observed, while Dr. Rosenberg concluded that a reduction in Michalides' $FEV_1/FVC$ ratio was "consistent with the effects of cigarette smoking, not coal dust," JA 279, this conclusion was inconsistent with the Preamble to the BLBA, *see generally* Regulations Implementing the Federal Coal Mine Health and Safety Act of 1969, as Amended, 65 Fed. Reg. 79,920 (Dec. 20, 2000) (codified at 20 C.F.R. pts. 718, 722, 725-27), and "the Board has repeatedly affirmed discounting the opinions of physicians who rely on a lowered $FEV_1/FVC$ ratio to exclude coal mine dust as a contributor to a miner's obstructive lung disease," JA 39.

Dr. Rosenberg's conclusions may have been based on "more thorough and more recent studies [showing] that . . . smoking is more detrimental than . . . researchers

---

[7] *See also Consolidation Coal Co. v. Swiger*, 98 F. App'x 227, 237 (4th Cir. 2004) (finding the ALJ could justifiably conclude that "the presence of the residual fully disabling impairment" after the claimant's bronchodilation "suggested that coal mine dust was a contributing cause" of his impairment); *Sea "B" Mining Co. v. Dunford*, 188 F. App'x 191, 199-200 (4th Cir. 2006) ("[T]he evidence . . . supports [the ALJ's] conclusion that [the employer] failed to rule out [the claimant's] coal mine employment as a contributing cause of [the claimant's] partially irreversible obstructive impairment.").

understood" at the time the Preamble was published, but the ALJ observed that the newer studies' findings "do[] not negate the original studies relied upon by the DOL [in the Preamble showing] that coal mine dust is also detrimental." JA 39. And though Consol contends that Dr. Rosenberg's "explanation for distinguishing between the effects of smoking versus mine dust exposure was described in exceedingly scientific terminology, and was based on medical research, recent medical literature, and epidemiologic studies," Opening Br. 23, the ALJ concluded that he failed to explain why the "undisputed negative effects of cigarettes eliminate coal mine dust as a potential cause" of Michalides' illness, JA 39.

Again, the ALJ's conclusions are supported by substantial evidence. The ALJ was permitted to rely on the Preamble. *See, e.g.*, *Helen Mining Co. v. Elliot*, 859 F.3d 226, 240 (3d Cir. 2017) ("[A]n ALJ may reasonably rely on the agency's findings expressed in the Preamble in determining how much weight to assign to an expert's opinion." (citation omitted)); *Cent. Ohio Coal Co. v. Dir., Off. of Workers' Comp. Programs*, 762 F.3d 483, 491 (6th Cir. 2014) (holding that "the ALJ was entitled to consider the [Preamble] and to discredit Dr. Rosenberg's testimony" concerning the $FEV_1/FVC$ ratio because "his analysis plainly contradicts the DOL's position that COPD caused by coal-dust exposure may be associated with decrements in the $FEV_1/FVC$ ratio").[8] And the ALJ could

_____

[8] Consol also argues that reliance on the Preamble is inappropriate, contending, for example, that it is "not medical evidence and cannot be utilized and treated as such," and any reliance would be "arbitrary, capricious, an abuse of discretion, and not in accordance with law." Opening Br. 24. This argument is forfeited because Consol failed to raise it before the Board. *Barna v. Bd. of Sch. Dirs. of the Panther Valley Sch. Dist.*,

6

reasonably conclude on this record that Dr. Rosenberg failed to persuasively rule out coal mine dust as a contributing factor to Michalides' impairment.

In contrast to her view of Drs. Basheda and Rosenberg, the ALJ credited the DOL's physician, Dr. Celko, who diagnosed Michalides with legal pneumoconiosis. Consol claims that was error and it should prevail unless Dr. Celko's opinion is credited,[9] but that mistakes Consol's burden. "Once the [fifteen-year] presumption is invoked, there is no need for the claimant to prove the existence of pneumoconiosis," *W. Va. CWP Fund v. Dir., Off. of Workers' Comp. Programs, U.S. Dep't of Lab.*, 880 F.3d 691, 699 (4th Cir. 2018), and, as set forth above, the ALJ permissibly discounted Dr. Basheda and Dr. Rosenberg's opinions—the "only evidence [that Consol] proffered to rebut the . . . presumption," *Elliot*, 859 F.3d at 241.

### B.    Whether Legal Pneumoconiosis Caused Michalides' Total Disability

Consol next contends, contrary to the ALJ's conclusion, that it met its burden to establish that no part of Michalides' total disability was caused by legal pneumoconiosis. 20 C.F.R. § 718.305(d)(1)(ii). But to make that showing, Consol needed to present evidence "'rul[ing] out' any connection between pneumoconiosis and [Michalides']

---

877 F.3d 136, 147 (3d Cir. 2017); *Dir., Off. of Workers' Comp. Programs, U.S. Dep't of Lab. v. N. Am. Coal Corp.*, 626 F.2d 1137, 1143 (3d Cir. 1980). But even if properly preserved for appeal, this Court has held that an ALJ's reliance on the Preamble is permissible. *Elliot*, 859 F.3d at 240.

[9] To the extent Consol argues that the ALJ erred in relying on Dr. Celko's opinion because it was based on an inaccurate smoking history, the ALJ explicitly addressed that discrepancy and afforded Dr. Celko's opinion less weight on that basis. Even Consol acknowledges that much.

disability." *Elliott*, 859 F.3d at 231 (3d Cir. 2017) (quoting *Kline v. Dir., Off. of Workers' Comp. Programs, U.S. Dep't of Lab.*, 877 F.2d 1175, 1179 (3d Cir. 1989)). Yet the only evidence put forth by Consol on this point was the opinions of Dr. Basheda and Dr. Rosenberg, which the ALJ permissibly discounted with regard to the existence of legal pneumoconiosis, *see supra* section II.A, and therefore was entitled to discount concerning disability causation. The ALJ was within her discretion to do so, as "[c]ommon sense suggests that it is usually exceedingly difficult for a doctor to properly assess the contribution, if any, of pneumoconiosis to a miner's [disability] if he/she does not believe it was present." *Soubik v. Dir., Off. of Workers' Comp. Programs, U.S. Dep't of Lab.*, 366 F.3d 226, 234 (3d Cir. 2004).[10] Consol does not offer any case law to the contrary.

## III. CONCLUSION

For the foregoing reasons, we will deny Consol's Petition for Review.

---

[10] *See also Big Branch Res., Inc. v. Ogle*, 737 F.3d 1063, 1074 (6th Cir. 2013) (holding that an ALJ may reasonably discredit a disability-causation opinion finding no legal pneumoconiosis even where pneumoconiosis is presumed rather than affirmatively found); *Toler v. E. Associated Coal Co.*, 43 F.3d 109, 116 (4th Cir. 1995) (holding that an ALJ "may not credit" a medical opinion of no causation "unless [she] can and does identify specific and persuasive reasons" as to why the opinion on causation does not depend on the presence of pneumoconiosis).

8